UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :   07 Cr. 504-01 (SAS)
            -against-                                       :
                                                            :
                                                            :
RAJENDRA KUMAR                                              :
                                                            :
                                                            :
------------------------------------------------------------X

### SENTENCING MEMORANDUM ON BEHALF
### OF DEFENDANT RAJENDRA KUMAR

This memorandum is respectfully submitted on behalf of defendant Rajendra Kumar who is scheduled to be sentenced by this Court on August 20, 2007.

### I.  INTRODUCTION

On June 6, 2007, Rajendra Kumar pled guilty to a One-Count Information filed in the Southern District of New York.  The Information charged that from January 1, 2005 up to and including April 2007, in the Southern District of New York, Mr. Kumar unlawfully exchanged over one million dollars in food stamp benefits for cash at his Bronx, NY grocery store in exchange for a percentage of the cash proceeds.

As a result of committing the aforementioned offense alleged in Count I of the Information, in violation of 7 U.S.C. § 2024(b)(1), Kumar has forfeited to the United States, pursuant to 18 U.S.C. § 981 (a)(1)(C) and 28 U.S.C. § 2461, all proceeds traceable to such violation, including but not limited to: any and all right, title, and interest in the real property known as 84-05 246th Street, Bellrose, NY 11426; any and all right, title, and interest in the real

169678v.1

property known as 92-09 202nd Street, Hollis, NY 11423 and all grocery store and bank accounts that he holds.

## II. AN EXAMINATION OF THE 18 U.S.C. § 3553(a) FACTORS MAKE CLEAR THAT A SENTENCE OUTSIDE OF THE STIPULATED SENTENCING GUIDELINES RANGE IS APPROPRIATE

In imposing sentence, this Court must consider the factors set forth in 18 U.S.C. § 3553(a), which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed --

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes from the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory Guidelines range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victim of the offense.

*Id.* After considering all of those factors, this Court must "impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth in paragraph (2)." Id. (Emphasis added).

169678v.1

1.  **Mr. Kumar's Family Circumstances Justify A Sentence Outside the Applicable Sentencing Guidelines**

The life and being of Rajendra Kumar is at odds with his conviction for the unauthorized use of food stamps. He has been recognized since his earliest childhood days as being an exceptionally kind, caring and generous person. (PSR 47-49). He is widely respected by friends and family as being an honest and decent human being and a person of integrity. (PSR 49). Yet this 41 year-old "soft-hearted" man (PSR 48) is facing a sentence that could send him to prison for a significant time. The prospect is terrifying for Mr. Kumar and his young family.

Rajendra Kumar was born and raised in Georgetown, Guyana under the watchful and careful eye of his parents Harry and Daro Kumar. He is the second oldest of six children whose names are Shanta, age 45, Dash, age 40, Sangif, age 30, Davindre age 25 and Vijai, age 23. Although the family had shelter and food, they were very poor and longed for a better life. That better life was provided in or about 1987 when his sister Shanta moved to the United States with her husband. Soon thereafter, Shanta and her husband sent for each one of her immediate family members to come to America. This was the opportunity that the family desired and they made it work.

Upon his arrival to New York, Mr. Kumar resided with his sister and her husband and worked every day to secure his future. While working and spending time with his sister and her husband, Mr. Kumar became very active with his religion and the practice of the Hindu faith. As an active member and pastor he is very involved in community service activities and works daily to improve the lives of his congregation.

While on vacation in 2001, he met Marianna Beira, the woman that he would eventually marry. In September 2002, Marianna, age 27, and Rajendra got married and began to forge a

169678v.1

Case 1:07-cr-00504-SAS    Document 17    Filed 08/15/2007    Page 4 of 7

new life together. This relationship has produced two infant children; Arika, 2 and Shranaya, 7 months old.

Mr. Kumar has been the sole provider for his wife and two infant children. (PSR 47). His wife has never held a job outside of their home since her arrival from Venezuela in 2002. (PSR 47). She has no work experience and is uncertain of what type of work she will be able to find due to her lack of skill and experience. Moreover, after the birth of their first child, Mrs. Kumar has been the primary caregiver and homemaker to their children.

The children produced from this relationship are extremely young, ages 2 and 7 months and the cost to provide for their basic needs are substantial. (PSR 45). Without financial support from Mr. Kumar, the family unit will be in disarray and the family will not have any reasonable means to provide permanent shelter, clothing, food and all other essential needs. As stated in the Pre-Sentence Report, Mr. Kumar's sister, Shanta, and her husband are presently assisting the Kumar family but are unable to forecast how much longer they can undertake this financial burden.

Finally, as outlined in the Pre-Sentence Report, Mr. Kumar is required to make full restitution to the victim under 18 U.S.C. § 3663(A) and 18 U.S.C. § 3664. Restitution in the amount of $1,762,095 is owed to the Food and Nutrition Service of the UDSA. This burden and responsibility, in of itself, is substantial, especially if Mr. Kumar will be unable to hold gainful employment for a period of years [1]

It is with these factors in mind that the defendant respectfully requests that this Court impose a sentence outside of the Stipulated Sentencing Guidelines Range. Specifically, defendant requests a sentence that would involve either home detainment/confinement or

---

[1] It is not our position to diminish the crime for which Mr. Kumar pled guilty. We add this information to show that Mr. Kumar is mindful of his responsibility and would be hindered in its repayment if unable to work for a significant period of time.

4

169678v.1

community corrections confinement. This type of sentence would allow for the defendant to work, care and provide for his family and would provide a means for him to begin paying the restitution amount due to the Food and Nutrition Service of the USDA.

2. **The Remaining Factors of 18 U.S.C. § 3553(a) Justify A Sentence Outside the Applicable Sentencing Guidelines**

As set forth above, the so-called "parsimony clause" of 18 U.S.C. § 3553(a) requires this Court to impose a sentence which is "sufficient, but not greater than necessary" to satisfy the factors set forth in 18 U.S.C. § 3553(a)(2). If this Court were to "conclude that two sentences equally served the statutory purpose of § 3553, it could not, consistent with the parsimony clause, impose the higher." *United States v. Minister-Tania*, 470 F.3d 137, 142 (2d Cir. 2006). As such, although the parties agree that a sentence within the Stipulated Sentencing Guidelines Range would constitute a reasonable sentence, it is submitted that the Stipulated Sentencing Guidelines Range of 33-41 months is greater than necessary to achieve the purpose of sentencing in this case and the Court should impose a sentence outside of the guidelines.

With regard to the need to protect society from future crimes of this defendant, the Sentencing Commission has found that offenders with zero Criminal History points have the lowest recidivism rate. *See Recidivism and the "First Offender"* at 13.[2] Further, the Commission has also concluded that "recidivism rates decline relatively consistently as age increases." *See Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, at 12.[3] With respect to defendants in Criminal History Category I, the Commission has noted that the recidivism rate decreases sharply, from 35.5% for those sentenced under the age of 21, to 23.7% for those sentenced between the ages of 26 to thirty.

---

[2] http://www.ussc.gov/publicat/Recidivism_FirstOffender.pdf
[3] http://www.ussc.gov/publicat/Recidivism_General.pdf

169678v.1

Were this Court to impose a sentence that did not involve institutional incarceration, there is simply no reason to conclude that Mr. Kumar, classified in the Pre-Sentence Report with a Criminal History Category of I, presents any danger to society. Moreover, he is presently 41 years old and falls within the category of least likely to recidivate.

It is also respectfully submitted that this Court must also remain mindful that the goals of punishment and deterrence must be balanced with the rehabilitation and improvement of the defendant. District Court's must "recognize that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582.

In the instant case, Mr. Kumar has been stripped of all of his personal and business assets, including but not limited to his homes, his grocery store and bank accounts. He is also required to pay restitution in the amount of $1,762,095 to the Food and Nutrition Service of the USDA. Moreover, he will not be able to hold or obtain certain licenses due to his felony conviction. As such, it is submitted that a term of incarceration will do nothing to promote correction and rehabilitation but will possibly remove any hope Mr. Kumar may have of being a productive member of society upon his release.

Finally, U.S. Department of Justice officials have repeatedly stressed to Congress and the public that the toughest federal sentences are to be directed principally toward violent and repeat offenders.[4] In addition, during his confirmation hearings, Attorney General Alberto Gonzales stressed that prison is best suited "for people who commit violent crimes and are career

---

[4] See, e.g., Testimony of Principal Attorney General William Mercer to Subcommittee on Crime, Terrorism, and Homeland Security of the Committee on the judiciary, United States House of Representatives, at 14 (March 16, 2006)(explaining that tough federal sentences are properly not focused on "non-violent first-offenders"); Testimony of Assistant Attorney General Christopher Wray to Subcommittee on Crime, Terrorism, and Homeland security of the Committee of the Judiciary, United States House of Representatives, at 8-9 (Feb. 10, 2005)(stressing that most federal prisoners "are in prison for violent crimes or had a prior criminal record before being incarcerated).

criminals.  *See* Transcript of Confirmation Hearings, published Jan. 1, 2006.[5]  Gonzales also asserted that a focus on rehabilitation for "first-time, maybe sometimes second-time offenders…is not only smart,…it's the right thing to do;" because, "it is part of a compassionate society to give someone another chance." *Id.*

### III.  CONCLUSION

For all of the reasons set forth above, it is respectfully submitted that this Court seek a sentence outside the Stipulated Sentencing Guidelines Range.  More specifically, it is respectfully requested that the defendant receive a sentence requiring home confinement or community correctional confinement, because such a sentence is "sufficient, but not greater than necessary" to serve the purposes of sentencing in this case.

Dated: August 15, 2007
       New York, New York

                                    Respectfully submitted,

                                    /s/ Hugh A. Zuber

                                    HUGH A. ZUBER, ESQ.
                                    1270 Avenue of the Americas
                                    30th Floor
                                    New York, New York 10020
                                    212-524-5005

                                    *Attorney for Defendant*
                                    RAJENDRA KUMAR

---

[5] http://www.nytimes.com/2005/01/06/politics/06text-gonzales.html=1169010000&en=fac7435c0d8be8de&ei=5070