UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

                                                        11/15/07

UNITED STATES OF AMERICA          :     ORDER OF FORFEITURE/
                                  :     PRELIMINARY ORDER OF
       -v.-                       :     FORFEITURE AS TO
                                  :     SPECIFIC PROPERTY
RAJENDRA KUMAR,                   :     07 Cr. 504 (SAS)
                                  :
              Defendant.          :
                                  :
- - - - - - - - - - - - - - - - - -x

        WHEREAS, on or about June 6, 2007, RAJENDRA KUMAR, the

defendant, was charged in a one-count Information 07 Cr. 504

(SAS) (the "Information"), which charged that the defendant, from

at least on or about January 1, 2005, up to and including April

2007, unlawfully, intentionally and knowingly did use, transfer,

acquire, alter and possess coupons, authorization cards, and

access devices of a value of $5,000 and more in any manner

contrary to Title 7, United States Code, Section 2000 et seq.,

and the regulations issued pursuant to that section, to wit,

KUMAR exchanged over one million dollars of customers' food stamp

benefits for cash at his Bronx grocery store in exchange for a

share of the cash proceeds, in violation of 7 U.S.C. §§

2024(b)(1) and 2016;

        WHEREAS, the Information included forfeiture

allegations seeking, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28

U.S.C. § 2461, any and all property, real and personal, that

constitutes or is derived from proceeds traceable to the

commission of the food stamp offenses alleged in Count One, and

all property traceable to such property, and pursuant to 7 U.S.C.
§ 2024(h), all property, real and personal, used in a transaction
or attempted transaction, to commit, or to facilitate the
commission of the food stamp fraud violation, and all proceeds
traceable to such violation, including but not limited to:

  a.  A sum of money equal to $1,762,095 in United
      States currency, in that such sum in aggregate is
      property representing the amount of proceeds
      obtained as a result of the offenses charged in
      Count One of the Information (the "Money
      Judgment"), including but not limited to:

      i.   Any and all right, title and interest in the
           real property and appurtenances known as
           84-05 246th Street, Bellerose, New York,
           11426;

      ii.  The $38,516.35 in United States currency
           seized on or about April 12, 2007, from a
           bank account at Washington Mutual (Account
           #009700003865846) in the name of Raj West
           Indian and American Grocery;

      iii. The $13,449.09 in United States currency
           seized on or about April 12, 2007, from a
           bank account at Washington Mutual (account
           #0094-0000494532-0) in the name of Raj West
           Indian and American Grocery, 260 East
           Burnside Avenue, Bronx, New York; and

      iv.  The $3,277 in United States currency (cash)
           seized on or about April 12, 2007, from Raj
           West Indian and American Grocery, 260 East
           Burnside Avenue, Bronx, New York;

(i through iv collectively the "Subject Property");

       WHEREAS, on or about June 6, 2007, RAJENDRA KUMAR, the
defendant admitted the forfeiture allegation of the Information
and agreed to forfeit the Subject Property;

WHEREAS, on or about August 20, 2007, the defendant was sentenced and ordered to a forfeiture money judgment in the amount of $1,762,095 in United States Currency, representing the amount of proceeds obtained as a result of the offenses charged in the Information;

WHEREAS, pursuant to 21 U.S.C. § 853(g), the United States is, by virtue of said guilty verdict, now entitled, pending any assertion of third-party claims, to reduce the Subject Property to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    As a result of the offenses in the Information to which the defendant entered a plea of guilty, a forfeiture money judgment in the amount of $1,762,095 shall be entered against the defendant, as part of his criminal sentence.

2.    Pursuant to 18 U.S.C. § 981, 28 U.S.C. § 2461 and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, all of the defendant's right, title and interest in the Money Judgment and Subject Property is forfeited to the United States for disposition in accordance with the law.  The Subject Property shall be applied towards partial satisfaction of the forfeiture

money judgment in the amount of $1,762,095 entered against the defendant at the time of sentencing.

        3.    The aforementioned Subject Property is to be seized pursuant to this Order of Forfeiture/Preliminary Order of Forfeiture and is to be held thereafter by the United States Marshals Service (or its designee) in its secure custody and control.

        4.    Pursuant to 21 U.S.C. § 853(n)(1), the United States Marshals Service forthwith shall publish, at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the United States Marshals Service intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed Subject Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

5.    The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Subject Property, which is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

6.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Subject Property pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

7.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

8.    All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the "United States Marshals Service", and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrews Plaza, New York, New York 10007.

9.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10.   The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney, Sharon E. Frase, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
        November 14, 2007

                              SO ORDERED:


                              HONORABLE SHIRA A. SCHEINDLIN
                              UNITED STATES DISTRICT JUDGE